Filed 5/21/14  Ennabe v. Manosa CA2/1
Opinion following  remand from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| FAIEZ ENNABE, Individually and as Administrator, etc., et al., | B222784 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. KC053945) |
| v. | |
| CARLOS MANOSA et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Robert A. Dukes, Judge.  Reversed.

Innabi Law Group, Abdalla J. Innabi and Amer Innabi for Plaintiffs and Appellants.

Morris, Polich & Purdy, Richard H. Nakamura, Jr., Dean A. Olson and Sheena Y. Kwon for Defendants and Respondents.

_____

"On the evening of April 27, 2007, defendant Jessica Manosa (Manosa) hosted a party at a vacant rental residence owned by her parents, defendants Carlos and Mary Manosa, without their consent. The party was publicized by word of mouth, telephone, and text messaging, resulting in an attendance of between 40 and 60 people. The vast majority of attendees were, like Manosa, under 21 years of age.

"For her party, Manosa personally provided $60 for the purchase of rum, tequila, and beer. She also provided cups and cranberry juice, but nothing else. Two of Manosa's friends, Mario Aparicio and Marcello Aquino, also provided money toward the initial purchase of alcohol, and Aquino purchased the alcoholic beverages for the party with this money. The beer was placed in a refrigerator in the kitchen, and the tequila and 'jungle juice' (a mixture of rum and fruit juice) were placed outside on a table at the side of the house. Manosa did not have a license to sell alcoholic beverages.

"Guests began to arrive at the party around 9:00 p.m., entering through a side gate in the yard. Aquino heard Manosa ask Todd Brown to 'stand by the side gate to kind of control the people that came in and if he didn't know them, then charge them some money to get into the party.' Brown thereafter served as a 'bouncer,' standing at the gate and charging uninvited guests an admission fee of $3 to $5 per person. Once inside, partygoers enjoyed music played by a disc jockey Manosa had hired and could help themselves to the beer, tequila, and jungle juice.

"Thomas Garcia, who had not been invited and was unknown to Manosa, testified that a 'big, tall, husky, Caucasian dude' was charging an entrance fee to get into the party. Garcia paid $20 so that he and three or four of his friends could enter. The person who took Garcia's money, presumably Brown, told him alcoholic beverages were available if he wanted them. Mike Bosley, another uninvited guest, declared he was charged $5 to enter the party. Brown eventually collected between $50 and $60 in entrance fees, and this money was used to buy additional alcohol sometime during the

party.[1]  The record is unclear whether any attendees brought their own alcoholic beverages or whether Manosa provided the only alcohol consumed on the premises.

"Sometime before midnight, decedent Andrew Ennabe arrived at the party; he was Manosa's friend and an invited guest.  Thomas Garcia and his friends arrived about 30 minutes later and were charged admission.  Ennabe and Garcia, both under 21 years of age, were visibly intoxicated on arrival.  Garcia in particular exhibited slurred speech and impaired faculties.  By his own reckoning, he had consumed at least four shots of whiskey before arriving.  Although Garcia later denied drinking anything at Manosa's party, other guests reported seeing him drinking there.

"Once inside the gate, Garcia became rowdy, aggressive, and obnoxious.  He made obscene and vaguely threatening comments to female guests, and either he or a friend dropped his pants.  While Manosa claimed she was neither aware of Garcia's presence nor that he was causing problems with other guests, Garcia was eventually asked to leave for his inappropriate behavior.  Ennabe and some other guests escorted Garcia and his friends off the premises and ultimately to their car.  One of Garcia's friends spit on Ennabe, prompting Ennabe to chase him into the street.  Garcia, who by this time was driving away, ran over Ennabe, severely injuring him.  Ennabe later died from his injuries.[2]

---

**1** "The summary judgment record is unclear who purchased this additional alcohol and whether Manosa had personally asked someone to use the gate money to buy more alcohol.  The parties assert it is undisputed that Mario Aparicio and Stephan Filaos bought the additional alcohol, although Aparicio denies doing so.  One guest, Hani Abuershaid, overheard Filaos say Manosa had asked him to purchase more alcohol using the money collected at the door, 'because I think no one else had regulation of the money besides the bouncer and [Manosa].'  Abuershaid also testified to seeing the bouncer give Filaos the money.  Further, decedent Andrew Ennabe's brother declared he had heard Manosa ask Aparicio and Filaos to use money collected at the door to purchase additional alcohol."

**2** "Garcia was convicted of a felony in connection with Ennabe's death and was sentenced to 14 years in prison."

"Plaintiffs Faiez and Christina Ennabe, on behalf of themselves and the estate of their son, filed a wrongful death action against defendant Manosa and her parents. Plaintiffs asserted three causes of action: general negligence, premises liability, and liability under [Business and Professions Code] section 25602.1. Defendants moved for summary judgment or adjudication, claiming plaintiffs could not show defendants were liable under [Business and Professions Code] section 25602.1, which permits liability for certain persons who serve alcohol to obviously intoxicated minors, and that they were entitled to civil immunity under [Business and Professions Code] section 25602, subdivision (b) and Civil Code section 1714, subdivision (c). Plaintiffs countered that by charging an entrance fee, Manosa had 'sold' alcohol to party guests and was thus not entitled to civil immunity. The trial court granted defendants' motion for summary judgment on all causes of action and, in the alternative, also granted the motion for summary adjudication." (*Ennabe v. Manosa* (2014) 58 Cal.4th 697, 703–704.)

In our original opinion in this case, filed December 1, 2010, and modified December 20, 2010, we affirmed the trial court's grant of summary judgment for defendant and respondent Jessica Manosa. However, in *Ennabe v. Manosa*, *supra*, 58 Cal.4th 697, the Supreme Court held "the trial court erred in granting summary judgment in defendant's favor" because the exception to social host immunity set forth in Business and Professions Code section 25602.1 was applicable to Manosa's conduct. (58 Cal.4th at p. 722.) The Supreme Court reversed our decision and "remanded for further proceedings consistent with" its opinion. (*Id.* at p. 723.)

Accordingly, for the reasons stated in the Supreme Court's opinion, we reverse the trial court's grant of summary judgment in favor of Jessica Manosa.

4

## DISPOSITION

The judgment is reversed and the cause is remanded to the trial court for further proceedings. Appellants are entitled to their costs on appeal.

NOT TO BE PUBLISHED.

MILLER J.*

We concur:


CHANEY, Acting P. J.


JOHNSON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.